### PARKS v. CULLUM.
### No. 2916.

Court of Civil Appeals of Texas. El Paso.
Dec. 7, 1933.

Rehearing Denied Jan. 4, 1934.

Goggans & Keith, J. L. Goggans, and Lawrence F. Green, all of Dallas, for appellant.

G. L. Johnson and M. H. Baughn, both of Dallas, for appellee.

WALTHALL, Justice.

L. H. Cullum, as the payee of a certain promissory note, brought this suit against Oscar L. Parks as the maker of the note. The note is dated November 6, 1931, and is in the principal sum of $738.60, bearing interest and providing for the payment of attorney fees. The note is fully set out in the petition, and is made due and payable ninety days after date. Parks pleaded under oath a failure of consideration upon which the execution and delivery of the note was based, that was, that he had given the note to Cullum in consideration of a promise made by Cullum's agent to cancel, do away with, and waive a previous trustee's foreclosure and sale of certain real property belonging to Parks, and to destroy the unrecorded trustee's deed held by Cullum under such foreclosure and sale. Parks claimed that Cullum had failed to comply with said promise, but instead had asserted the validity of such foreclosure and sale, had recorded the trustee's deed, and had demanded and received possession of the property covered by such foreclosure sale. Cullum denied Parks' contention, and set up facts to sustain his contention as to the consideration for the note, which we need not state, but altogether a different state of facts from what Parks contended. Cullum asserted a compliance on his part with the terms of his alleged agreement upon which the note in controversy was made and a failure on the part of Parks to perform his part.

Trial was before a jury. Evidence was heard. The court instructed verdict for Cullum, and, based upon the instructed verdict, judgment was entered, from which Parks prosecutes this appeal.

#### Opinion.

Appellee, Cullum, has filed no brief in this court. Appellant, Parks, in his brief, submits that the evidence upon a material issue in the case, the separate, distinct, and different contentions of the two litigants as to the consideration for the making of the note, was such that the peremptory instruction to the jury was error.

The contentions of the appellee and the appellant as to the facts upon which the note in controversy was made are different, the one from the other. We need not state the evidence. Two witnesses on either side stated the facts as they understood and knew the facts to be; the facts stated by the witnesses on the opposing sides are different and on the material issue of the facts which go to the consideration for the making of the note in question.

In view of the evidence in the record, we have concluded that the issues as to the consideration for making the note in question should have been submitted to the jury, and that it was reversible error to instruct the jury on that issue.

For the reason stated, the case is reversed and remanded.